(No. 34126.—

VINCENT ASTROWSKY *et al.*, Appellants, *vs.* THE CITY OF KEWANEE *et al.*, Appellees.

*Opinion filed November 26, 1956—Rehearing denied Jan. 23, 1957.*

O'CONNOR & O'CONNOR, of Kewanee, for appellants.

FRED J. BROWN, of Kewanee, and BLACK, BLACK & BORDEN, of Peoria, for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The 39 plaintiffs operate taverns in the city of Kewanee. They brought this action to restrain the enforcement of

a 1947 ordinance which increased the semiannual tavern license fee from $150 to $300, and to recover alleged overpayments. After a trial the court dismissed the complaint. The plaintiffs appeal directly on the trial court's certificate that the validity of an ordinance is involved and that the public interest requires a direct appeal.

The earlier ordinance, which fixed the lower fee, had been approved at a referendum after it was passed by the city council. The later ordinance was duly adopted by the council, but it was not submitted to a vote of the people. Plaintiffs contend that it is therefore invalid.

Kewanee is organized under the commission form of government which provides for the initiative and referendum. (Ill. Rev. Stat. 1947, chap. 24, pars. 19—66, 19—69.) Plaintiffs' case is based on the following sentence in the section dealing with the initiative: "Any ordinance which (1) is passed by the council after it is proposed by petition, or (2) is adopted by a vote of the people, can not be repealed or amended except by a vote of the people." (Ill. Rev. Stat. 1947, chap. 24, par. 19—66.) The contention is that this provision governs ordinances submitted to a referendum as well as to those initiated by petition. In our opinion the trial court properly rejected this contention.

Even if we look only at the sentence upon which the plaintiffs center their attention, the construction they urge is not a natural one. The first clause cannot apply to ordinances which originate in the council and are submitted to a referendum. The second clause refers to ordinances "adopted by a vote of the people." An ordinance submitted to a referendum is "adopted" by the city council, and not by a vote of the people. The referendum provisions are negative in their operation. By the statute an ordinance does not become effective until 30 days after its passage. If within the 30-day period a petition protesting the passage of the ordinance is filed, the effectiveness of

the ordinance is suspended and the council is required to reconsider it. If the council does not repeal the ordinance it is required to submit it to a referendum and "the ordinance shall not go into effect unless a majority of the electors voting on the ordinance vote in favor thereof. But if no such petition is filed, such an ordinance, * * * shall be in effect upon the expiration of the thirty day period." (Ill. Rev. Stat. 1947, chap. 24, par. 19—69.) What is involved in the referendum is a power to veto, and not a power to adopt.

When we look beyond the sentence upon which plaintiffs concentrate, the meaning is unmistakable. The initiative section provides that if an ordinance is proposed by an initiating petition signed by the requisite number of voters, the council has two alternatives: it may pass the ordinance without change, or it may submit it to a vote of the people. (Ill. Rev. Stat. 1947, chap. 24, par. 19—66.) These are the two alternatives referred to in the sentence on which plaintiffs rely. As originally enacted that sentence did not stand alone. It appeared in·this form: "If a majority of the qualified electors voting on the proposed ordinance shall vote in favor thereof, such ordinance shall thereupon become a valid and binding ordinance of the city; and any ordinance proposed by petition or which shall be adopted by a vote of the people, can not be repealed or amended except by a vote of the people." Laws of Illinois, Special Session 1909-10, p. 35.

The same conclusion was reached in *In re Condemnation of Property,* 263 S.W. (Mo.) 97, 102, which involved an identical statute. See Mo. Rev. Stat. 1919, art. 2, chap. 72, sec. 7950; 33 A.L.R. 2d 1127.

The decree of the circuit court of Henry County is affirmed.

*Decree affirmed.*